Hopkins v. Warden, et al.          CV-04-030-M   05/20/04

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Kenneth Hopkins</u>


    v.                                    Civil No. 04-30-M
                                         Opinion No. 2004 DNH 087
<u>Warden, NH State Prison, et al.</u>


**O R D E R**


    Before the Court for consideration is the complaint of <u>pro se</u> plaintiff Kenneth Hopkins who filed this suit against the Warden of the New Hampshire State Prison for Men and against a number of state corrections officials.  Hopkins seeks relief for alleged violations of his rights secured by the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  As Hopkins is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, this matter is currently before me for preliminary review.  <u>See</u> Local Rules of the United States District Court for the District of New Hampshire, ("LR") 4.3(d)(2).

    For the reasons set forth in a Report and Recommendation issued simultaneously with this Order, and without commenting on the merits of the complaint, I find that Hopkins has stated claims upon which relief may be granted as to the following

claims and defendants: a § 1983 retaliation claim and state tort claims for assault and battery against defendant Turcott; § 1983 claims based on failure to take reasonable steps to ensure his safety against defendants Lunderville, Nihan, Coplan, Stanley, LaFlamme, Desmond and Thibeault; and a § 1983 claim based on intentional indifference to a serious medical need against defendant Edsel. Accordingly, I order that the complaint (document no. 4), as well as Hopkins' other documents filed seeking other relief (document nos. 5 and 8) be served on the defendants.

Pursuant to the Agreement of Acceptance of Service entered into between the Clerk of Court and the Attorney General of the State of New Hampshire ("AG"), the Clerk's office is directed to forward to the AG's office, by certified mail, return receipt requested, copies of this Order, the Report and Recommendation, the complaint (document no. 4), and the other pleadings filed by Hopkins (document nos. 5 and 8). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service Notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed,

2

service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf, or who the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer the complaint or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 20, 2004

3

cc:  Kenneth Hopkins, <u>pro</u> <u>se</u>
     Mary E. Schwarzer, Esq.